The next argument will be in Case No. 20-3322, United States v. Osuba. Mr. Good morning, May it please the court. I'm Richard Willstatter. I did not represent Mr. Osuba in the district court, but I represent him in this appeal. Your Honors, Title 18, Section 2251A punishes the production of child pornography. It punishes any person who employs or uses a minor to engage in sexually explicit conduct. It even requires an intent that the minor engage in sexually explicit conduct to produce a visual depiction of it. The ordinary and natural meaning of these words is that those who persuade or avail themselves of a minor to engage in sexually explicit conduct are guilty. Like the ACCA cases, courts look at statutes with extremely high mandatory minimums and penalties with a focused eye. But the word use is a funny word because it doesn't necessarily imply any action by what you're using. That is what, that's right, and that is why the courts have looked at the, they use this, I hate to try to pronounce Latin because I'm not very good at it, but the no-satura association. You're no better, no worse at it than courts, believe me. Well, it means that the words are governed, the meaning of the words are governed by the context or the words with which they are associated. And here, the way the statute was enacted as a whole, as Chief Judge Sykes pointed out in the Howard decision, that these statutes were enacted to punish the production, the possession, the receipt of transportation of child pornography. These statutes were written in the 70s to punish those who would use children as performers or actors to produce child pornography. And in the mine run of cases that we see in the courts with these very, very serious penalties, it is the obvious use of children in this way which is punishable. I think one of the challenges in looking at it from both sides is where we draw the line. And I think there are a lot of difficult hypotheticals that one can put forward that you see in different sorts of cases. And one wonders where the line would be drawn. We understand you're arguing that the facts of this case fall outside the line of what's covered by the statute. But if I could just ask you to change the facts of this case a little bit. What if the child had been conscious in watching the activity in question? It might be, depending on- I'm worried that we could get from counsel the maybe question. And what I'm trying to get at is trying to nail down facts because we can't ask ourselves, we can't draw lines when we don't know where the lines are going to fall. So all you have to do here is determine if there's legally sufficient evidence in the light- Well, right, but the problem is we need to articulate a reason. If we were to rule for you, we would need to articulate a reason for that. And then we would then be drawing lines that other cases are going to fall on one side or the other. And that's why if you could at least, and I'll be asking the other side to do this, to help us, if the child had been conscious in watching the activity, what, in your view- Well, when I say might be, that means it could. It depends on what the child's reaction is. For example, some of the cases, the child is sleeping, but somebody is fondling the child. Yeah, could you stick with my- I get their other hypotheticals. You may get to those. If the child is conscious in watching the activity in question, same facts as this case, but facing- Then I think it could be a jury question, unlike this case. It isn't that the point. What is interesting here is that the court let it go to the jury. And I'm just wondering whether that isn't the best way of handling it. Well, it can't be. In some ways, when the child is not awake, is not facing the camera, is fully clothed, there's no fondling of the child at all. The child isn't touched during the entire proceeding. It's unaware that it even happens. Well, which of those factors that you just listed takes this case out of use of a minor to engage in- All of them. Well, so if I change- It's a package. I guess getting back to Judge Nardini's question, if we change any one of those variables, does that change the outcome in this case? Well, it depends on which variable. I mean, it's fact specific. Well, let me ask it this way then. Okay. Maybe this goes back to Judge Calabresi's question. Is your argument that a minor cannot be used to engage in sexually explicit conduct passively? Because the word use- Well, not necessarily because if you had somebody fondling a child that was asleep, like in the Findley case, that's different from somebody who doesn't touch the child. But are you saying that even though use may involve an inanimate object in some time, because the word use means that, here the particular facts are such that a jury could not find the kind of use that the statute intends- Well, yes. Well, with almost any other change of the sort that Judge Nardini and our presider had said a jury could find. But this case is the odd case in which there is so nothing, and therefore it should not have been sent to the jury. Is that your argument? That's correct. You know, I have the case before me just like you do. In this case, the government did not have the evidence that the child was used to engage in sexually explicit activity. So I guess that's where I'd like to come back to. I just want to stick with one hypothetical for the moment before spinning out others. But why is it that in the hypothetical I posited, where the child is awake and watching the activity, why in your view is it possible to view it as used to engage in it? Why is that a possibility? It is possible. Why? It's possible because of maybe the child's reaction in these, you've heard of these DOS factors? Yeah. So one of them is whether the child has a coy reaction. So depending on the child's reaction to the event, it could be, it might qualify. So you are saying that we have to read the intent of this statute to be one which to some extent involves the child's reacting. Yes. It doesn't have to be the child's reaction because the child could be asleep. But the child has to engage in it in some way. It's the engaging. If the child were asleep and touched, stay asleep. Yes. Well, in that way, the child is being touched and there's an act of, that's the filming of an act of sexual abuse. That's why I think that could possibly fit, and it's not my case. How is that being, the minor being used to engage in sexual? Because the minor is actually being used to engage in sexual activity. It's the person who's touching them. Where does that line come from, I guess? Is it from one of the words here in the statute? Is it from a case? Where are you drawing that line from? Well, there are some cases that have found, like the one I cited, that the one that, you know, the one that I think was an opposite that Judge McAvoy relied upon, which was the Finley case from the Third Circuit. In that case, the government's briefing in that case showed that a man was physically fondling a ten-year-old boy, and they found that that could be enough because he filmed that. So that's a sex abuse that's being filmed by somebody intentionally. But it's not really, I mean, if we're fitting that into the words of the statute, it seems like the word sex abuse doesn't come up. The argument there would have to be that that was the child engaging in a sexual act but engaging in the sense of a participant, not necessarily an active participant. It could be a passive recipient of someone else performing action. So I suppose the argument there, right, could be with the sleeping child, if someone is touching the sleeping child in a sexual way, that constitutes either a lascivious exhibition or one of the other things. Right. This was sort of the footnote in Howard, right, where the Seventh Circuit raised the suggestion that if the defendant had come into contact with the lips of the minor on the video, that the government could perhaps have proceeded on the theory that the child was engaging in a sexual act, although in a passive recipient way. Right. So I don't want to, you know, defend cases that are not my case because I think that in this case it is so far beyond that. We are in a situation where the defendant is not alleged to have touched, and even the ejaculate in question did not touch the child, so that it just doesn't qualify. I don't know if the court wants to address the sentencing issue. The court might have questions about the five-level enhancement. Why don't you take a minute to address that or anything else you want to, and then we'll hear from you. All right. So what I wanted to point out to you is that the district court had before it a video of Mr. Osuba's son, where Mr. Osuba's son said, my sister's story is a lie. She told me it's a lie, and she told me mom said, no, it isn't. And it was the mom who was in the custody dispute with Mr. Osuba and his parents. So the court had before, and then when the child is interviewed, she initially, the girl, she initially denies that anything happened to her, but they never say to her, did you tell your brother that this was a lie, or did your mom tell you to tell this story? That never comes up. So there really wasn't enough evidence, and there were interviews of these children about a week after Osuba was arrested where they were asked by the Ulster County Child Advocacy Center, in every way you could think of asking, if there was any sexual abuse, and everybody said no. His son said no, his daughter said no. The two people with whom they were living in the same house all said no. Counsel, can I ask you, I guess there are different permutations of how the court could rule on these various issues, right? Let's assume that you were successful in vacating the count that we talked about for the majority of your oral argument. If that weren't to happen, our normal course would be to remand for the conviction to be vacated and for resentencing. But I trust that we would still be called upon to rule on this sentencing issue under the guidance, right? I think you should. I think you should. I mean, it's going to be a de novo resentencing under Regas. Let me pause you there, because normally it would be a de novo resentencing. Is it your position that there would be new evidence on this matter when it goes back, such that what would be the point of ruling on the current state of the factual record? Does the defense have any intention of putting new evidence or different evidence on with respect to these matters? First, I think that the case law is that the government can't come up with new evidence. But I think the government can't? They cannot. Okay. Would the defense have to? I think the defense can, such as the videos that I have produced for this court that are exculpatory and which Judge McAvoy did not see. They said, oh, those Ulster County Child Advocacy Center and Virginia Child Advocacy Center videos are inaudible. They are not. They can be made and were made audible. They were filmed in a child advocacy center for the direct purpose of creating a record as to what these children said. And the statements that the child in Virginia curled up into a ball when she was asked, that is false. That is wrong. So can I ask you then, given that you seem to be making the point that it would very much be your intention to generate a new and different factual record if, and I don't mean to suggest that we would do this, but if we were to vacate account and send it back for resentencing, given the fact that you're saying to us that you fully intend, if given the opportunity, to generate a different factual record, and you're only asking us to say that the factual record here does not support a certain enhancement, why would we rule on that? Because I don't think the government should have a second bite at the apple. They produced what they had, and it's not enough. I see. So you're suggesting that we would hold that the record they generated is insufficient, and therefore your submission is they couldn't improve the record, and therefore you wouldn't need to generate a better record for yourself. But if it is a new sentencing, why can't the government produce whatever it is that is a new sentencing? There are cases that I found that the government is limited to its first production of information on that score. Even if you produce other things that then the government would like to counter? Yeah, the case is DESNOYERS, where the government knew of its obligation to present evidence at the original sentencing and failed to do so. It may not enter new – I may even have been on that panel. I'm sorry? Oh, okay. I may even have been on that panel, but I don't think it goes as far as you're saying. Yeah, it cites the Archer case. That's 671 F. 3rd, 149. So I think the government is limited in that way, having done that research. Okay, thank you so much. We'll hear from the government. Thank you. May it please the court. Karina Schoenberger for the United States. The jury had sufficient evidence to find that Mr. Asuba sexually exploited V1 here. The rationale from the Seventh Circuit in Howard is wrong and shouldn't be adopted here. You're asking us to create a circuit split? I believe there already is a circuit split because there's the Losey case out of the Eighth Circuit, which is essentially the same facts, and finds that that is using a child to engage in sexually explicit conduct. But isn't – no, my question is, I like the idea generally of the jury deciding whether the minor was used. But isn't there going to be some point at which it is beyond what a jury can find? I mean, isn't that the normal thing that we have, any number of things that can go to a jury, but some things that are beyond? That is what the standard of proof beyond a reasonable doubt is there for, is to create the limits. No, no. The standard of proof beyond a reasonable doubt means that if there is enough evidence for the jury to find, it is for the jury to decide beyond a reasonable doubt. But there must be enough evidence that allows the jury to find, and that's a question which is at least close. So let's just – let's maybe push that as hypotheticals. I think one of the hypotheticals that has been addressed is the suggestion is what if in this video the minor had not been in the room, but you could see or – no, I'm going to change it. You could hear the minors playing in an adjacent backyard, and the defendant had said in the course of engaging in the conduct – he did, same conduct – saying I am doing this because I am stimulated by the presence of minors playing in the adjacent backyard. As a matter of law, one way or the other, would you say that you have in or out of the statute, or would you again say that is a question for the jury? I think that's probably what's not satisfied there is that it's for the purpose of making a visual representation of the conduct. Let's say – okay, then that's a fair point. Let's push it. And he says I have purposely opened my window to listen to the children in the backyard so that I can show you myself conducting – engaging in this conduct. So you got that out of the way. I mean, I think that is a much closer case than what we have here. I know. That's why I asked it. And I do think – I know this isn't the answer that the court is looking for, but it probably does depend on the facts, and I think that is – I just gave you the facts. And I'll keep adding facts to give you all the intent and all that stuff you want. The question is whether it's use. And he says I intend to – I am motivating myself. The only way I can do this is by opening the window to listen to the minors. Do you hear them playing in the backyard? I think because it's not a visual representation, no. I think that that is a – So the visual representation has to be of the minor? Because I thought up to now we were saying that the visual representation only has to be of the sexually explicit conduct. It's the minor engaged in the sexually explicit conduct like we have here. Mr. Osuba is plainly – No, no. Plainly engaging V1 in his sexually explicit conduct. The minor here engaged in – the minor engaged in sexually explicit conduct here. Because she has been engaged by him. He says I am – No, no, no. You're changing the verb. That he engaged may well be, but the minor – She is passively engaged in what he is doing. He is masturbating. This is a very different argument. I thought you were making the argument that the use has to involve the minor. But that the minor does not need to engage in the sexually explicit conduct. Let me just back up. So are you arguing that it has to be the minor engaging in the conduct? What I am arguing is that there does not have to be active engagement by the minor. And there does not. And there is not here. And there's very important – What is passive engagement? For example, when the child is asleep. I can understand somebody using somebody who is passive. But I have more trouble with engagement unless engagement just means involvement. And if it means involvement, then we're back to Judge Nardini's hypotheticals where they are involved even outside the window. So what he is doing here is masturbating to a child. He is representing to the person he is talking to in real time while he is videotaping the child. May I ask you another question? The reason that this sentence seems to be within the range of reasonableness is because of all of the other things that were found by a preponderance of the evidence. Let us for the moment say that they are not – that that is wrong for some reason. Would you argue that what happened here, this – what you say is use of this minor in this way could bring about a sentence of 70 years? That is, when somebody masturbates next to a sleeping child, that that is enough to justify a sentence of 70 years as being reasonable within the range. And we give tremendous range to the district court, but at some point we say it is beyond. So Congress has already decided that at a minimum this deserves a 15-year sentence, and that is correct. That's not what I'm saying. I'm asking whether you think that this conduct is such – on our cases, you know, our cases have gone very far on this – of saying it's okay. But where the only thing is somebody doing what this guy did next to a sleeping child, that that is enough to justify 70 years in prison. If this were the only count that he was charged of, the statutory maximum is 30 years. No, no, I understand. That's why I'm asking whether the rest of the stuff has to come in too. And if you start bringing in, then that might well justify, but then we have to talk seriously about the rest of the stuff and what it is. So to reach 70 years, you necessarily have to have something else because, again, it's a 30-year statutory maximum with respect to this count. And this child was sexually exploited. There are incredibly important policy reasons for making sure that there's not some requirement that the child be conscious. Because while the child may just happen to be sleeping, she may also be drunk. She may be an infant who wouldn't be consciously aware. She may be mentally incapacitated. There may be many other facts. And as I say, my own instinct is that in almost all of these cases, it should go to a jury. My question is, and what we're struggling with is, is this one beyond the range of what you would send to a jury or not? It's not beyond the range of what you send to the jury, Your Honor. And the Lose case found that in the Eighth Circuit. As we mentioned in our brief, two district courts since the Howard case have rejected that rationale. Since the government submitted its brief, a third district court with similar facts, closed sleeping child and someone masturbating next to him, also found that Howard was wrongly decided. That's United States v. Davis out of the District of Arizona. In those cases, what I hear your position, I just want to make sure I'm getting it right, is that the sexual object theory is limited to, by the last phrase of 2251A, to sort of a visual depiction of the minor in the video or the picture. That's part of now the engagement or the use to be engaged in the sexual activity. So I am very reluctant to say in every single case that is true. But we are also not in categorical approach land where we have to go to the farthest reaches of the statute to decide whether or not something can go to the jury. I'm just asking if, one, that is a limitation on the theory you're advancing, because I didn't quite get that from the brief. And then, two, if there's any cases that support that sort of line drawn. With respect to the visual representation, I am not aware of any case in which the child's involvement is limited to hearing their voice. Let me come back to Judge Nardini's where the picture includes the children outside the window. Yeah, that's the question I'm asking. I mean, if there is, one could imagine a situation, maybe there's a neighbor playing in their sprinkler and zooming up on that child while masturbating and showing his own nudity. Yes, that's something that would sexually exploit the child. There's a range of interests that these statutes are intended to protect. There's the child's privacy interest. There is the physical sexual abuse of a child. There is also the market for this type of pornography. And although the Howard case refers to this as an odd case, unfortunately, I don't think that's true. I think there's enough cases here that we see that there's an appetite for seeing young children being exploited in this way, just as they are by Mr. Suman. In terms of circuit split, you tell us that there's already a circuit split. If we were to say something in between of saying that there are some cases that are beyond the jury and some cases that are not beyond the jury, then I take it we have a freeway that we create a different one for the Supreme Court to decide. I suppose that's true, but I don't know that there's a need for that because the facts can be the same. Closed child, sleeping child, someone masturbating next to them. And this is not a situation where the child just happens to be there. The entire point of this video is to show that he is excited by the child, he is masturbating to her, and he wants the person he's talking to her to think that he ejaculated on her. He says, I came on her. That's the point of this video. So I don't think there needs to be a third way. I think we can say on these facts there's enough for a rational jury to find that he sexually exploited B1. Can I just go back to the textual interpretive question, which I really think is key, and I want to make sure I understand the government's view. I had read the Seventh Circuit's opinion in Howard as saying because all of the other verbs in 2251A, employing, coercing, inducing a child to engage, suggests that it must be the minor engaging in that using must be interpreted in the same way as saying using a minor to engage in. Do you agree or disagree with that reading, that it must be the minor engaging in? I agree that it must be the minor engaging in. Okay. So then is the dispute about what you each view as the minor engaging in, whether it's more active or more passive or whatever, would you agree that at least we need to find the minor engaging in? Here the minor was engaged in, and I will say one thing that Howard gets wrong is that it says over at least twice that this is so low activity that what Mr. Howard was engaged in was so low activity. There's nothing so low about what Mr. Asuba did here. He was involved with this child who was unaware and unconsenting to what he was doing. If I can have a moment to just address the five-level enhancement. The enhancement relates to the first count. If for some reason the first count was vacated, I'm not sure this would be a sentencing issue because the remaining counts wouldn't be covered. But here there was enough. The district court explained that there was enough. I do need to make a correction to my brief. On page 48, footnote 19, I've cited to the wrong statute. It's the federal statute that relates to sexual abuse of children older than 12. Of course, here the federal statute would be children younger than 12. That's 18 U.S.C. section 2241C. Also in chapter 109A. You're bound to rely on the abuse of the daughter. Isn't that what you're talking about? That's the one thing as to which there was clearly a statute that would apply. No, Your Honor. I think there's multiple different prohibited sexual conduct acts that could be relied on, not least of which is the offense of conviction itself. There's the abuse of the daughter, which the evidence of that was not limited to her disclosure. He also used her actual picture and said that he had sexually abused his daughter, mostly while she was asleep, so of course she wouldn't have known that to disclose it. And that there was also evidence that he sexually abused a 2-year-old boy. There was an investigation into the bruising of the penis. This was his girlfriend's son, and at the time there was found not to be enough evidence. Let me ask you, counsel, let me ask you an odd question. The Supreme Court has before it, and they keep putting off whether they're granting cert or not. I looked this morning, they still haven't done it, on whether you can look at acquitted conduct in a situation like this. Suppose the Supreme Court says, takes cert, this may depend on what we do and when we do it, and says you cannot take acquitted conduct into account. How do we deal with conduct that hasn't been charged? After all, a person could say, hey, please charge me because I might be acquitted, and then I wouldn't have this brought in. But if you don't charge me, we can consider it. Should we at least wait to see what the Supreme Court does and says about that? They may use some language if they take it. If they don't take it, that's fine. But they've been putting it off, so obviously we're thinking about it. If they take it, there may be some language which guides us on this. So the district court's not limited in the information that it could consider. Of course, if we're talking about R.L., the 2-year-old, there wasn't an acquittal. No, no, there's no acquittal. There's no charge. I understand. And the Supreme Court is only dealing with acquittal. But I worry about a situation in which the Supreme Court says you can't take into account things that have been acquitted and then have the government choose not to charge in order to take something into account where they know that they don't have enough to get a conviction. I mean, that's at least, it may be perfectly fine, but I worry about it and I would wonder whether the Supreme Court might say something in a case on acquittal that would guide us. One thing that might differ from those facts here with respect to R.L. is that there's the after the fact bragging about the fact that, I don't really want to quote the language, but they orally sodomized a 2-year-old later on. And, you know, the facts line up with the things he says. He also says that he anally penetrated the daughter of an ex when she was 4 and he was 30. When Mr. Asuba was 30, he was living with the daughter of his girlfriend who was 4 years old at the time. If a conduct is in and there is preponderance, we don't have an argument. That's a different... I mean, at a minimum, it was not clear error for the district court to find that there was multiple instances of sexual abuse here. There was a whole universe of facts that supported a conclusion that there was prior sexual abuse of children and the district court was entitled to take that all into account and made no clear error with respect to its facts and made no plain error with respect to identifying which of the acts it found supported the enhancement. The district court did impose a substantively reasonable sentence and if there are no further questions, the government will rest on its papers. Thank you very much. Thank you, Counsel. Mr. Wilstetter, you've got a few minutes. Thank you, Your Honors. There is no doubt that the sentencing in this case was driven by the unproven, uncharged allegations. There was no doubt that the district court could see in the pre-sentence report that... But there's also no doubt that in our cases, we can do that. In our cases, we can do that if it was so by the preponderance of the evidence. But the preponderance of the evidence did not, could not bear the weight of this enhancement and the reason I say that is because if you look at the R.L. situation, what happened was they went to, there was somebody who saw this child at Vassar Hospital and said this child was physically or possibly sexually abused and they brought the child down to have him examined at Westchester and then they brought a bunch of prosecutors and CPS people and cops and they got somebody from the doctor to say, well, maybe this child was sexually abused. Then they went back and they interviewed Osuba and he gave them the truth, which is that this child's mother did this. Then they went back to Westchester Medical Center and the doctors there said, actually, these child's injuries, which include injuries to his shoulder all the way down to his thighs, were consistent with that account. That's the fact. And Osuba said, I never did it. He put in a sworn affidavit that he never did it. The government's argument that he did it was baseless. There was not sufficient evidence to charge him and there was not sufficient evidence to consider that. And what they were keying off on was these fantasies. Can I take you back to the statutory interpretation question? Of course. I want to get your response to what I understand the government's position to be. The use of a minor to engage in sexually specific conduct can be passive. I think you consent to agree to that. Well, not exactly. Well, the touching while they're asleep, that kind of stuff. Okay. And then limited by the visual depiction language being part of the use. What's your response to that? So the problem with the government's theory is that it could be if the child – it only has to be that the child is the focus. Why can't it just be a picture of a child? Right? A picture of a child who was a child in 1984. Why does it have to be a live child? There's no limit if that's what it is. Okay? We can look at what the – It's a different scenario. So, like, you know, I guess an argument could be that it's the use of a child versus a picture of a child. But the point is – Well, it's still the focus. They're saying it's the focus. That's what they're saying. The child is the focus. So it could be a video of a child. It could be a statue of a child. There's no limit as far as the government's concerned. So what is the requirement then? What's – The child has to be used or coerced to engage in the activity. To engage in the activity means to participate in the activity in some way. But the child may not be conscious to participate in the activity. Not necessarily. So if you had an unconscious child who was being raped on video, you would agree that falls well with it. I would agree. I would agree. So then what if you had the situation here where the defendant had come into physical contact with the minor during the video? Well, he didn't, so – No, no, no. Again, we're trying to figure out our boundaries. I guess it depends on what the physical contact was. Okay. So if the physical contact amounts to sex abuse, then I think you're over the line. What we're trying – what I'm trying to figure out is where you would draw the line that the case could not go to the jury. That is, what is the line at which there isn't enough so that a jury could find, given this language – And it comes down to whether the child is engaged in the sexually explicit activity. You know, you're repeating the words, and of course you're repeating the words because that's what we have and that's what you have. I'm trying to figure out what – you know, it might be very easy had the district court said, This is not enough. I'm not going to let it go to the jury. And then that's that, and there wouldn't be an appeal. But I'm trying to see what, as a court of appeals, we can say is where a court could say, no, this can't go to a jury. Yes, this is enough so that a jury could – Well, the facts are not in dispute here. You have the facts. The issue is really a legal one, and it is for this court to determine that the court below overruled the objection. It was clearly made. Let me ask you whether the position you are taking would have us do what is a different court split from the one that we already have. That is, that you would have us say that there is something here that is not enough to go to a jury, which one circuit would say it's still okay, and another would say far broader it can't. Which would not be a bad, necessarily, thing to have a circuit split once there is one which is more complex so that the Supreme Court can ultimately decide what is appropriate. You know, this Losey case was poorly developed. It was raised as plain error. It's not really a robust circuit split. If this court were to rule for the government, there would be a robust, because it was preserved, because it was argued on appeal, because we're presenting it squarely to this court. And I say to you that the Seventh Circuit has the correct argument. We have to judge what use means from the other words in the sentence. That's what Justice Alito said in Yates. That's how we judge how these words are interpreted. And so I commend that to you. Thank you. Thank you so much. Thank you both. We'll take the case under advisement. Well argued by both sides. Thank you. And that concludes our arguments for today. The remaining cases are on submission. And so I'll ask the Court Rep. to withdraw. Court is adjourned.